### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SHARON BECKER,**                          **CASE NO.:**

        **Plaintiff,**

**vs.**


**WAL-MART STORES EAST, LP, a**
**Foreign Limited Partnership,**

_____**Defendant.**_____/


### COMPLAINT & DEMAND FOR JURY TRIAL

      Plaintiff, SHARON BECKER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, WAL-MART STORES EAST, LP, a Foreign Limited Partnership ("Defendant"), and states as follows:

### INTRODUCTION

      1.    In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), Congress found that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).  As such, Congress enacted the FMLA "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(2).  Specifically, the FMLA provides eligible employees to a total of twelve (12) workweeks of leave during any twelve-month period "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). This leave may be taken intermittently or on a reduced leave schedule. 29 U.S.C. § 2612(b)(1).

      2.    The FMLA makes it unlawful for an employer to interfere with, restrain, or

deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C §
2615(a)(1).

3.      Plaintiff, SHARON BECKER, brings this action pursuant to the FMLA to recover
from Defendants for back pay, reinstatement or in the alternative front pay in the event
reinstatement is not practical, an equal amount as liquidated damages, other monetary damages,
equitable relief, declaratory relief, and reasonable attorneys' fees and costs.[1]

## JURISDICTION

4.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331
and the FMLA.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in this district as the acts and
omissions giving rise to Plaintiff's claims occurred in Pasco County, Florida.

## PARTIES

6.      Plaintiff is a female citizen of the United States of America, and is subject to the
jurisdiction of this Court.

7.      At all times relevant Defendant was qualified and licensed to do business in
Florida, and at all times material hereto has conducted business within this District.

8.      At all times material to this action, Plaintiff was an "eligible employee" of
Defendant within the meaning of the FMLA.

9.      At all times material to this action, Defendant was, and continues to be, an
"employer" within the meaning of the FMLA, which includes a "successor in interest."

10.     Plaintiff worked at least 1250 hours for Defendant within the 12 months

---

[1] Plaintiff currently has a Charge of Discrimination pending with the EEOC for which she has
not yet received a Right to Sue Letter. Plaintiff reserves the right to amend this Complaint at a
later date to include any and all federal and state claims asserted in the Charge of Discrimination
if/when she receives a Right to Sue Letter.

preceding her request for medical leave pursuant to the FMLA.

11.     Plaintiff was employed by Defendant for more than twelve (12) months preceding her request for medical leave pursuant to the FMLA.

12.     Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

## FMLA ALLEGATIONS

13.     From approximately April 2014 until her termination on November 6, 2016, Plaintiff was employed as an Associate working in the deli department of Defendant's Walmart store located at 12610 US-19, Hudson, FL 34667.

14.     Plaintiff suffers from a heart condition which substantially limits major life activities.

15.     Specifically, on or about April 23, 2016, Plaintiff was scheduled to be to work around 6:00 a.m.

16.     On the way to work Plaintiff began experiencing symptoms correlated with a heart attack. Plaintiff immediately went to the hospital.

17.     Plaintiff thereafter did suffer from a heart attack while in the hospital.

18.     Plaintiff's doctor executed a "Return to Work Form" stating Plaintiff could return to work on May 2, 2016, which Plaintiff provided to Defendant.

19.     During her absence from work Plaintiff followed all policies and procedures regarding notifying management of her expected absence due to circumstances outside her control.

20.     On or about April 23, 2016, Plaintiff initiated a request for intermittent FMLA leave approval through Defendant's third-party leave administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick").

21.     Defendant approved Plaintiff's request for intermittent FMLA leave for April 23, 2016 through April 26, 2016, but denied Plaintiff's requests for FMLA leave for April 27, 2016 and April 30, 2016.

22.     On May 13, 2016, Plaintiff arrived to work for her shift having heart palpitations symptomatic of another heart attack.

23.     Plaintiff informed her Department Manager that she believed she was having another heart attack and needed to seek medical assistance.

24.     Plaintiff immediately left work and presented to the hospital for evaluation.

25.     Plaintiff ultimately was recommended for surgery which she underwent while in the hospital.

26.     In total, Plaintiff was in the hospital from May 13, 2016, to May 17, 2016.

27.     Plaintiff's doctor provided Plaintiff with a doctor's note indicating she could return to work on May 19, 2016, with a twenty-five pound lifting restriction, which Plaintiff provided to Defendant.

28.     During her absence from work Plaintiff followed all policies and procedures regarding notifying management of her expected absence due to circumstances outside her control.

29.     Plaintiff submitted another request for intermittent FMLA leave for the time period covering her hospitalization and recovery period. Specifically, one of Defendant's

personnel employees named Kelly (last name unknown) assisted Plaintiff in properly completing the request in Defendant's break room.

30.     Additionally, Plaintiff discussed her need for FMLA leave due to her hospitalization with her manager, James Schroeder. She provided him with documentation supporting her hospitalization and need for job protected leave.

31.     Unbeknownst to Plaintiff, Defendant did not immediately approve or deny Plaintiff's request but instead, held Plaintiff's request for leave in a "conditional" status until November 2016.

32.     On November 7, 2016, Plaintiff was informed her request for intermittent leave was denied. Her absences that resulted from her medical condition were reverted from a "conditional" status to "denied." As a result, Plaintiff received "occurrences" for those absences which resulted in her incurring "excessive unauthorized occurrences" pursuant to Defendant's attendance policy.

33.     On November 7, 2016, Defendant terminated Plaintiff's employment due to said "excessive absences" which should have been covered under the FMLA.

34.     As such, Defendant clearly failed to comply with 29 U.S.C. § 2601, *et seq.*, by interfering with Plaintiff's right to job protected leave.

## COUNT I
## FMLA - INTERFERENCE WITH RIGHT TO TAKE LEAVE

35.     Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through thirty-four (25), above, as if fully set forth herein.

36.     At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

37.     At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

38.     In April and May of 2016, Plaintiff requested FMLA protected leave to obtain treatment for a heart condition that substantially limits major life activities.

39.     Plaintiff gave Defendant appropriate notice of her need to be absent from work.

40.     Defendant interfered with the exercise of Plaintiff's right to unpaid leave because Defendant denied Plaintiff's request for leave and terminated her for absences incurred as a result of her need for leave.

41.     As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42.      Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

43.     Defendant's violation of the FMLA was willful, as Defendant engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, SHARON BECKER, demands judgment against Defendant for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated this 1st day of November 2019.

6

Respectfully submitted,

**/s/ JOLIE N. PAVLOS** _____
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
E-mail: JPavlos@forthepeople.com
***Attorneys for Plaintiff***